# EXHIBIT I

**Regulation 4444.4**
Human Resources
Employee Relations
Effective 9/08/2025

**HUMAN RESOURCES**

**Duties, Responsibilities, and Rights of Employees**

**Prevention of Sexual Misconduct and Abuse**

This regulation supersedes Regulation 4444.3

**I. PURPOSE**

The responsibility to protect students from sexual misconduct and abuse is shared by the School Board, Superintendent, administrators, teachers, other School Board employees, volunteers, parents, state and local social service agencies, and law enforcement.

The purpose of this regulation is to establish procedures regarding the prevention of sexual misconduct and abuse and to establish clear and reasonable boundaries for interactions between students and employees. For purposes of this regulation, "employee" refers to Fairfax County Public Schools (FCPS) employees, mentors, volunteers, and contractors and vendors providing services to students. This regulation applies to all persons defined as employees.

FCPS encourages healthy relationships with students that promote student achievement and success. However, employees must ensure that their own interactions, communications, and relationships with students are appropriate.

This regulation cannot capture all behavior that constitutes sexual misconduct or abuse, nor can comprehensive bright-line rules be established. Employees must ensure that their conduct is professional and proper given the context of each situation and that reasonable boundaries are maintained when interacting with students. Employees must avoid conduct that can be reasonably construed as sexual misconduct or abuse.

Adherence to these guidelines also protects employees from false accusations and accusations based on misunderstandings.

Employees who violate the provisions of this regulation are subject to disciplinary action, up to and including dismissal.

**II. SUMMARY OF CHANGES SINCE LAST PUBLICATION**

This regulation has been revised to update the office of responsibility to the Office of Employee Relations.

**III. PROHIBITED CONDUCT**

A. Employees are prohibited from engaging in sexual misconduct and abuse of students regardless of the age of the student or the proximity in age of the employee to the student. Prohibited behavior with students includes, but is not limited to:

1. Sexual contact or touching a student's body or clothes in a sexual way;

2. Any physical contact that the student previously has indicated is unwelcome, unless such contact is professionally required, e.g. to teach a sport or other skill, or to protect the safety of the student or others consistent with Regulation 2614, Maintaining a Safe and Secure Environment-Use of Physical Interventions;

3. Dating, flirting, making sexual advances, and seeking romantic or sexual relationships;

4. Conversations or comments of a sexual nature, including but not limited to, a discussion of the employee's sex life; or a student's sex life, if such conversations or comments are not related to the employee's professional responsibilities;

5. Other than for purposes of addressing student dress code violations or concerns, referencing the physical appearance or clothes of a student in a way that could be interpreted as sexual;

6. Using sexual slurs, making sexual or derogatory comments, gestures, or jokes; and

7. Displaying, sharing or transmitting pornographic or sexually explicit materials.

B. Personal relationships between employees and students and their families may exist independent of the school division (e.g., family, neighborhood activities, and community organizations). Employees are also encouraged to participate in extracurricular activities with groups of students. However, employees should not make a student a regular part of their own social life. Therefore, unless it is part of an employee's specific job responsibilities, absent permission from an administrator and consent of the parents, employees shall not, as part of one's affiliation with the school system:

1. Invite a student or students for home visits;

2. Visit the homes of students;

3. Invite students for social contact off school grounds, or accept such invitations, if the activity involves only students and no other adult participants; and

4. Transport students in personal vehicles. On a case-by-case basis, administrators may make exceptions to this requirement in the event of emergencies or unusual circumstances.

IV. **GUIDANCE ON COMMUNICATION AND INTERACTION**

A. In-Person Communication and Interaction.

Communications, interaction, and relationships between employees and students should be based upon mutual respect and trust, an understanding of the appropriate boundaries between employees and students inside and outside of the educational setting, and consistency with the educational mission of FCPS.

Personal contact between employees and students shall be minimal, nonsexual, appropriate to the circumstances and unambiguous in meaning. For example, physical contact may be required and necessary to address a health or safety emergency or for demonstrating a technique during a physical education or vocational education activity.

However, employees should be aware of behaviors that may create an appearance of impropriety. Physical contact meant to encourage or reassure students, such as a hand on the shoulder or a pat on the back, should be brief and unambiguous in meaning. Employees should not conduct ongoing, private, conversations with individual students that are unrelated to school activities or the well-being of the student. Conversations should not take place in locations inaccessible to others or in situations that are unknown to the employee's supervisor.

The giving or receiving of gifts of a personal nature, such as jewelry and clothing, or any gift of other than nominal value, to students by employees is prohibited. Exceptions may be made in emergencies or special circumstances such as helping a student in financial need, with advance approval of the principal or program manager. Employees shall not grant special privileges, rewards, or opportunities to a specific student beyond those customarily provided as incentives to promote and recognize achievement and behavior.

B. Electronic Communication.

The School Board supports the use of technology to communicate for educational purposes. However, all electronic communications between employees and students shall conform to generally recognized professional standards in content and tone, and be transparent and accessible to parents and supervisors. Private one-on-one electronic communications with individual students that are unrelated to school activities or any conduct that violates the law is inappropriate and prohibited.

Nothing in this policy prohibits employees, faculty, staff, or students from the use of approved educational websites if such sites are used solely for educational purposes. Developments in personal digital communications and social networking shall be reviewed annually by Department of Information Technology staff who shall provide recommendations for revisions, as needed.

## V. TRAINING AND AWARENESS

A. Principals and program managers shall inform employees about the contents of this regulation.

B. Contracts with virtual school programs and other vendors providing services to students shall include a requirement that employees follow this regulation.

C. All employees shall be provided training on the prevention and reporting of sexual misconduct and abuse with a means of confirming participation and completion.

D. The Department of Communications and Community Outreach shall be responsible for publishing an annual notice concerning this regulation, including how to report suspected misconduct and/or abuse, in a communication distributed to all parents.

## VI. REPORTING OF SUSPECTED MISCONDUCT AND/OR ABUSE

A. Principals and program managers shall ensure that all employees are aware of their legal obligation to report suspected abuse to local or state social service agencies or to the principal or program manager, or his or her designee.

B. Employees who observe, otherwise become aware of, or have reasonable suspicion of sexual misconduct or abuse by another employee must promptly follow the reporting requirements as stated in the current version of Regulation 2115, Procedures for Reporting Cases of Suspected Child Abuse or Neglect. Those procedures require notice to the principal of the child's school, to Child Protective Services and to the Office of Human Resources (HR) investigator.

C. All employees must immediately inform their principal or program manager of any report or complaint concerning sexual misconduct or abuse by employees that they receive from any source (e.g., students, parents, community members). Principals and program managers shall immediately report such allegations to HR.

D. Parents and community members should direct reports or concerns about sexual misconduct or abuse by employees to the responsible school principal or program manager or to HR.

E. HR shall act on all reports from any source (e.g., employees, students, parents, community members) regarding sexual misconduct and abuse by employees. HR is responsible for the investigation of all allegations of employee sexual misconduct or abuse. At the conclusion of the investigation a written report will be completed by the school investigator regardless of the outcome.

F. HR shall maintain information on the HR section of the FCPS website regarding the procedure for reporting of allegations of sexual misconduct and abuse by employees.

G. When a licensed employee is dismissed or resigns because of a conviction of a crime that bars licensure, a founded case of child abuse, or for conduct determined to have a direct and detrimental effect on the health or welfare of students, the Superintendent shall notify the Virginia Superintendent of Public Instruction and provide the School Board with documentation of the notification. HR shall facilitate this requirement.

H. Retaliation against anyone reporting or thought to have made a report is prohibited. Any individual filing a complaint is assured that he or she will be free from any retaliation for having filed such a complaint. Retaliators shall be subject to discipline, up to and including dismissal. Encouraging others to retaliate also violates this regulation, and shall be cause for discipline, up to and including dismissal.

Regulation 4444.4
Page 5

**I.** Letter of Reference; Amendment: Disclosure of formal reprimands and dismissal for violating school board policies on sexual misconduct and abuse prevention to school divisions seeking references.  FCPS prohibits any employee, contractor, or agent, from providing a recommendation for any employee, contractor, or agent when the person to whom the reference request has been made knows, or has probable cause to believe, that the employee, contractor or agent has engaged in sexual misconduct with a student or minor in violation of the law. Formal reprimands and dismissals based upon a violation of this Regulation will be disclosed to other school divisions seeking references.

Legal Reference:     Code of Virginia, §22.1-291.3, §63.2-1509
                     Administrative Code of Virginia, 8VAC20-22-690

See also the current versions of:
   Policy 4950, Sexual Harassment
   Regulation 2115, Procedures for Reporting Cases of Suspected Child Abuse
       or Neglect
   Regulation 2614, Maintaining a Safe and Secure Environment-Use of
       Physical Interventions
   Regulation 4293, Dismissal—Definition of Just Cause
   Regulation 4429, Conduct and Discipline—Support Employees
   Regulation 4950, Sexual Harassment by Employees
   Virginia Board of Education's: Guidelines for the Prevention of Sexual Misconduct and Abuse in Virginia Public Schools
   FCPS Department of Human Resources

FAIRFAX COUNTY PUBLIC SCHOOLS