IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ZENAIDA PEREZ,

               Plaintiff,

v.                                                              Civil Action No. 1:25-cv-02126-AJT-IDD

FAIRFAX COUNTY SCHOOL BOARD, et al.,

               Defendants.

> **Commented [LF1]:** Monique/Steve: We think this should be left-justified to be consistent with the styling of Plaintiff.

**JOINT DISCOVERY PLAN**

    COME NOW, Zenaida Perez ("Plaintiff") and Defendants Fairfax County School Board ("FCSB" or "Defendant"), Montell Brown, Chad Lehman, Erik Healey, and Michelle Reid (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 26(f) and submit the following proposed Joint Discovery Plan for use in the above-styled case.[1]

> **Commented [LF2]:** Monique/Steve: These defined terms aren't used in the Joint Discovery Plan, so we don't think it is necessary to include them.  To the extent you would like to include some of them, we would ask that you please refer to the School Board as the FCSB (and not FCPS).

    1.    <u>Conference of the Parties</u>.  The Plaintiff and the Defendants (collectively, the "parties") have conferred prior to this filing to consider the matters set forth in Fed. R. Civ. P. 26(f) and the claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge and to arrange for disclosures as required by Fed. R. Civ. P. 26(a)(1), and the Order of this Court.

    2.    Fed. R. Civ. P. <u>26(a)(1) Disclosures</u>.  The parties' Fed. R. Civ. P. 26(a)(1) initial disclosures shall be exchanged on or before **January 21, 2026**.  There will be no changes in the form and requirements for the disclosures under Fed. R. Civ. P. 26(a)(1).

    3.    <u>Settlement Potential</u>.  The parties have not yet engaged in settlement discussions.  If they believe it would be productive, at a later date, they will consider a settlement conference

---

[1] Defendants plan to file a motion to stay discovery and join in this discovery plan without conceding that discovery is appropriate at this juncture. The parties met and conferred about Defendants' forthcoming motion to stay, and Plaintiff does not consent to the stay.

with a magistrate judge or a private mediator.

    4.    <u>Discovery</u>.

        a.  <u>Topics</u>. Discovery will be necessary on all allegations and claims in the Complaint and all allegations and affirmative defenses in the Answer to the Complaint.

        b.  <u>Interrogatories</u>. Plaintiff may serve on Defendants (in the aggregate) a maximum of thirty (30) interrogatories, including parts and subparts, without leave of Court and Defendants (in the aggregate) may serve on Plaintiff a maximum of thirty (30) interrogatories, including parts and subparts, without leave of Court.

        c.  <u>Depositions</u>. Plaintiff may take a maximum of ten (10) non-party, non-expert depositions, without leave of Court. Defendants (in the aggregate) may take a maximum of ten (10) non-party, non-expert depositions, without leave of Court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or order of the Court. The parties agree that they will make reasonable efforts to confer and agree upon dates and times for any depositions convenient to the deponent, counsel, and the parties. Notice of any deposition will be given at least eleven (11) days before the scheduled date of the deposition, consistent with E.D. Va. Civ. R. 30(H).

        d.  <u>Subpoenas</u>. The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to E.D. Va. Civ. R. 30 and Fed. R. Civ. P. 45.

    e. <u>Expert Witnesses</u>. The parties have agreed to request the following deadlines to disclose expert witnesses under Fed. R. Civ. P. 26(a)(2):

        i. Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures shall be made no later than **March 20, 2026**.

        ii. Defendants' Fed. R. Civ. P. 26(a)(2) expert disclosures shall be made no later than **April 17, 2026**.

        iii. Plaintiff's rebuttal or contradictory expert disclosures, if any, shall be made no later than **April 30, 2026**.

    f. <u>Completion of Discovery</u>. Discovery shall be completed by **May 15, 2026**, except as may be further modified by the Court.

    g. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>. The parties' Disclosures under Fed. R. Civ. P. 26(a)(3) shall be made no later than the date of the Final Pretrial Conference, May 21, 2026. Any objections to the Disclosures made by the parties under this Fed. R. Civ. P. 26(a)(3) shall be made no later than ten (10) days following the Final Pretrial Conference.

    h. <u>Electronically Stored Information ("ESI")</u>. Regarding Fed. R. Civ. P. 26(f)(3)(C), the parties recognize their obligation to preserve and produce, if requested in discovery and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1), relevant, non-privileged documents including ESI. The parties shall produce documents, including ESI, in hard copy or searchable PDF format. Producing ESI in native format is not necessary unless requested by a party with respect to a particular document or class of documents, or unless production in native format is necessary to allow the

> **Commented [LF3]:** Monique/Steve: We have accepted your revisions here to produce materials in the searchable PDF format.

3

requesting party to read the document as it was intended to be read (e.g., MS Excel spreadsheets), to verify, for completeness, authenticity, or to determine the date the document was created. Counsel for the parties have agreed to work cooperatively to arrange for the mutually acceptable production of documents and to resolve any issues concerning same. Productions will be delivered via email or secure electronic file transfer system or on encrypted physical media, such as CDs, DVDs, or hard drives.

i. <u>Serving and Filing Pleadings</u>. Service and filing of pleadings or court papers in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing ("ECF") policies. The parties agree that they are not required to mail each other paper copies of documents they file via the ECF system. The parties agree that all documents not served via the ECF system may be served by e-mail pursuant to the agreement of the parties as set out below. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court will be accepted by e-mail. Any attachments to discovery, deposition notices, or other papers not filed with the Clerk of Court shall either be e-mailed simultaneously, or faxed as soon as possible following the e-mail transmission or sharing via electronic file platform in the same calendar day, or sent via messenger or overnight delivery on the same day as the e-mail transmission or other means as agreed to by the parties. In case of service of attachments via messenger or overnight delivery and notwithstanding the

4

earlier receipt of the partial filing, service will not be effective until receipt of the attachments by the other party. The parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication.

j.  <u>Preservation of Discoverable Information</u>.  The parties have addressed the matter of preservation of discoverable information. Counsel for the parties represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information.

k.  <u>Filing and Handling of Documents Under Seal</u>. The parties do not anticipate that any filings will be made under seal in this case, but to the extent such becomes necessary, the parties will comply with E.D. Va. Civ. R. 5 in all such matters.

l.  <u>Issues Regarding Privilege</u>.

    i.  The inadvertent production of a privileged or protected document (including electronic documents) shall be governed by Fed. R. Civ. P.26(b)(5)(B) and Fed. R. Evid. 502. The production of privileged or protected documents without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time and requests their return. In the event a party

5

    receives written notice of an inadvertent disclosure, the receiving party will promptly return all copies of the inadvertently disclosed material without reviewing, copying or otherwise using the information. Notwithstanding this subsection, it is intended that discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine, which was created by, or developed by, counsel for the responding party.

   ii. Unless otherwise agreed, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) twenty (20) calendar days after a production withholding documents under a claim of privilege. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. Privilege logs shall not be required for privileged documents generated between counsel for a party, or between a party and that party's counsel, or at the direction of counsel, or reflecting counsel's attorney work product, after the filing of the initial complaint in this action on October 28, 2025.

> **Commented [LF4]:** Monique/Steve: We think 20 days is reasonable here.

5. <u>Summary Judgment and *Daubert* Motions</u>. The parties shall advise the Court at the Final Pretrial conference of any dispositive motions or *Daubert* motions contemplated. If any are contemplated by either or both parties, the briefing schedule will be set by the parties and the Court at that time.

6. <u>Protective Order</u>.  The parties agree that an appropriate protective order may become necessary to protect confidential information in this case.  If unable to agree on such an order, Plaintiff and Defendants shall each submit for the Court's approval for simultaneous hearing on a date mutually agreed to by the parties their respective proposed protective orders to govern the treatment and filing of confidential information.

7. <u>Trial by a Magistrate Judge</u>.  The parties do not consent to trial before a Magistrate Judge.

8. <u>Initial Pretrial Conference</u>.  The parties believe an appearance at the scheduled pretrial conference on January 7, 2026, at 11:00 a.m. is unnecessary, and respectfully request that the appearance be cancelled or, in the alternative, be conducted telephonically.

DATED: December 31, 2025

<u>/s/ Monique A. Miles</u>

Monique A. Miles
Virginia Bar No. 78828
**OLD TOWNE ASSOCIATES, P.C.**
201 N. Union Street, Suite 110
Alexandria, Virginia 22314
Tel: (703) 519-6810
Email: mmiles@oldtowneassociates.com

Steven H. Aden, *pro hac vice*
Virginia Bar No. 48036
**AMERICANS UNITED FOR LIFE**
1150 Connecticut Ave., NW Suite 500
Washington, DC 20036
Email: Steven.Aden@aul.org

*Counsel for Plaintiff*

<u>/s/ Edward Lee Isler</u>

Edward Lee Isler
Virginia Bar No. 27985
Micah E. Ticatch
Virginia Bar No. 83351
**ISLER DARE, P.C.**
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Tel: (703) 748-2690
Fax: (703) 748-2695
Email: eisler@islerdare.com
Email: mticatch@islerdare.com

M. Sean Royall, *pro hac vice*
Lucas M. Fields, *pro hac vice*
Zoe M. Beiner, *pro hac vice*
**KING & SPALDING LLP**

7

1700 Pennsylvania Ave., NW, Suite 900  
Washington, DC 20006  
Tel: (202) 626-2627  
Fax: (202) 626-3737  
Email: sroyall@kslaw.com  
Email: lfields@kslaw.com  
Email: zbeiner@kslaw.com  

*Counsel for Defendants*

### **CERTIFICATE OF SERVICE**

I certify that on December 31, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System on all parties in this case.

*/s/ Monique A. Miles*