# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **ZENAIDA PEREZ**, <br><br>  Plaintiff, <br><br> v. <br><br> **FAIRFAX COUNTY SCHOOL BOARD**, et al., <br><br>  Defendants. | Case No. 1:25-cv-02126-AJT-IDD |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, Zenaida Perez ("Plaintiff"), by and through counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ["FRCP 15(a)"], and Rule 7(i) of the Local Rules of the U.S. District Court for the Eastern District of Virginia ["LCvR 7(i)"] respectfully moves this Court for leave to file a Second Amended Complaint to clarify the claims she is pursuing in this matter for the reasons provided below:

### PROCEDURAL HISTORY

1. On or about December 20, 2024, Plaintiff filed the EEOC Complaint for retaliation and harassment.

2. On January 18, 2025, Perez filed another complaint with the Office of Employee Relations ("OER") stating her concerns about retaliation and harassment.

3. On October 29, 2025, Plaintiff field Complaint for Damages against Defendants Fairfax County Public Schools ("FCPS" or "the Company" or "Defendant"), Montell Brown, Chad Lehman, Erik Healey, and Michelle Reid (collectively, "Defendants") to recover damages for retaliation in violation of the Virginia Whistleblower Protection Law ("VWPL"), for

defamation per se, and for retaliation in violation of the First Amendment to the United States and Commonwealth of Virginia constitution.

4. On November 25, 2025, Plaintiff filed her First Amended Complaint for Damages against Defendants Fairfax County School Board ("FCPS" or "the Company" or "Defendant"), Montell Brown, Chad Lehman, Erik Healey, and Michelle Reid (collectively, "Defendants"), which included additional factual allegations that she learned about.

5. On December 12, 2025, the Court issued an order for a pretrial conference to be held on Wednesday, January 7, 2025, at 11:00 a.m. before a magistrate judge.

6. On January 6, 2026, the Court granted an Unopposed Motion for Extension of Time upon consideration of the Motion and for good cause shown. The Court ordered that Plaintiff file her opposition to Defendants' Motion to Dismiss, or in the Alternative, to Strike no later than January 21, 2026.

7. Counsel for the Parties have been in discussions about Plaintiff amending her complaint since January 6, 2026.

8. On January 16, 2026, defense counsel agreed not to oppose the filing of Plaintiff's Second Amended Complaint after reviewing the redline version.

## ARGUMENT

**A. Both The Letter and Spirit of Rule 15 Support Plaintiff's Motion for Leave to Amend**

Leave to amend a complaint, "shall be freely given when justice so requires". Fed. R. Civ. P. 15(a); see Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002). The determination of whether or not to grant leave to amend is within the district court's discretion. Deasy v. Hill, 833 F.2d 38, 40

2

(4th Cir. 1987). Since the plaintiff has already amended her complaint once, she must obtain either Defendant's consent or the court's leave before filing another amended pleading. *See* Fed. R. Civ. P. 15(a)(2). It is an abuse of discretion, however, to deny leave to amend unless there is sufficient reason, such as, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.'" Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). The Fourth Circuit, "liberally allow[s] amendment." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010).

Importantly, the nonmovant opposing the amendment must show the specific grounds justifying denial, such as prejudice, bad faith, or futility. *See* Fed. R. Civ. P. 15(a)(2); Boles v. United States, 3 F. Supp. 3d 491, 512 (M.D.N.C. 2014). "The party opposing amendment bears the burden of showing prejudice." Atl. Bulk Carrier Corp. v. Milan Exp. Co., No. 3:10CV103, 2010 WL 2929612, at *4 (E.D. Va. July 23, 2010) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir.1987)).

Finally, Fed. R. Civ. P. 15(c)(B) allows an amendment to a pleading to "relate back" to the date of the original filing. Fed. R. Civ. P. 15(c)(B) states, "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." This lets a plaintiff add claims past the statute of limitations if they are connected to the original complaint's foundation.

3

Here, for the reasons that follow, Plaintiff's timely retaliation claim is not prejudicial or futile, falls under Fed. R. Civ. P. 15(c)(B), and defense counsel does not oppose the amendment.

**B. Defendant Will Not Suffer Undue Prejudice If the Court Grants Plaintiff's Leave to File Her Second Amended Complaint**

Here, Defendant has agreed not to oppose Plaintiff's proposed complaint amendments. There has been and can be no prejudice to Defendant, and the new proposed FAWBPA claim arises from the exact same facts, conduct, transaction, and occurrences set out in her VWPL claim.

The single EDVA case dealing with whether a state employee can allege VWPL violations relies on unpublished Virginia state circuit court opinions. The issue of whether an ESOL teacher can proceed against her county school board under the VWPL appears to be one of first impression for the EDVA and is not a settled matter of law.

In researching the VWPL in preparing her opposition to Defendants' pending motion to dismiss, counsel discovered the FAWBPA, which also provides whistleblower protection but is specific to state employees unlike the VWPL. Plaintiff's counsel immediately alerted defense counsel of her intent to amend her complaint to add a FAWBPA claim to cover all her bases as a whistleblower.

**The Virginia Whistleblower Protection Law** ("VWPL"), Virginia Code Ann. § 40.1-27.3, states, in relevant part, that an employer shall not take retaliatory action against an employee because the employee, "in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law- enforcement official." See Va. Code Ann. § 40.1-27.3(A). To state a claim under this statute, an employee "must allege that he reported a violation of any federal or state law or regulation." Chenault v. RBI Corp., No. CL21001754-00,

4

2021 Va. Cir. LEXIS 217, at *3 (Hanover Cty. Oct. 22, 2021). An employee, "need only . . . prove that he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring." Peters v. Jenney, 327 F.3d 307,320 (4th Cir. 2003). An employee is not required to show that the underlying report of unlawfulness was in fact meritorious to prevail on his whistleblower retaliation claims. Ross v. Commc'ns Satellite Corp., 759 F.2d 355,355 n.1 (4th Cir. 1985), overruled on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

As a comparison, Va. Code § 2.2-3011(A), which is part of **the Fraud and Abuse Whistle Blower Protection Act** ("FAWBPA"), states, "[n]o employer may discharge, threaten, or otherwise discriminate or retaliate against a whistle blower whether acting on his own or through a person acting on his behalf or under his direction." Va. Code § 2.2-3010 provides definitions for § 2.2-3011. To establish a prima facie case for whistleblower protection for disclosing suspected wrongdoing or abuse, a plaintiff must show: 1) the disclosure was made in good faith and based on a reasonable belief that the information was accurate; 2) the plaintiff was retaliated against meaning they were subject to "discharge, threaten[ed], or otherwise discriminate[d] or retaliate[d] [against] . . . ;" and 3) the plaintiff establishes a reasonable inference that she was retaliated against because she acted as a whistleblower. See Moschetti v. Off. of the Inspector Gen., No. 3:22-CV-24–HEH, 2022 WL 3329926, at *9 (E.D. Va. Aug. 11, 2022); Va. Code § 2.2-3011(A)-(C). Once a prima facie case is established, the court then implements a McDonell-Douglas burden shifting analysis. Carmack v. Virginia, 837 F. App'x 178, 183 (4th Cir. 2020) ("[Though] no federal or state court in Virginia has directly held that the McDonnell Douglas burden-shifting scheme applies" to the whistleblower statute, . . . courts routinely apply this framework in adjudicating claims brought under similar state and federal whistleblower statutes"); see also Washington v.

5

Offender Aid & Restoration of Charlottesville-Albemarle, Inc., 677 F. Supp. 3d 383, 398 (W.D. Va. 2023) ("Courts 'routinely apply [the McDonnell Douglas] framework in adjudicating claims brought under similar state and federal whistleblower statutes.'").

Here, Perez subjectively and reasonably believed that school staff paying for abortions for minors without parent or guardian consent was unlawful when she made her reports, which is why she has alleged claims for whistleblower retaliation under both VWPL and FAWBPA.

Plaintiff should be granted leave to amend her complaint because as is evident from the statutory language and governing law, VWPL and FAWBPA have nearly identical elements. Plaintiff is merely covering all her bases in alleging a FAWBPA claim in addition to her existing VWPL claim, and both rely on the same underlying facts.

### C. Plaintiff's Amendment Is Not Futile

An amendment is futile when, "it appears beyond doubt" that the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the underlying facts or circumstances could possibly, "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits". Foman v. Davis, 371 U.S. 178, 182 (1962). When a nonmovant opposes amendment on grounds of futility, that party can show the, "proposed amendment [is] futile if the new claim would not have survived a motion to dismiss . . . ." Davison v. Randall, 912 F.3d 666, 690 (4th Cir. 2019), as amended (Jan. 9, 2019). Here, in this case, Plaintiff put forth material facts in the new proposed FAWBPA claim that mirror her VWPL claim that would survive a motion to dismiss, so the Amendment is not futile. See Exhibits A, B.

WHEREFORE, Plaintiff respectfully requests that this Court grant her leave to file the attached Second Amended Complaint.

Dated: January 16, 2026                                          Respectfully submitted,

                                                                   **ZENAIDA PEREZ**

                                                                   By Counsel:

                                                                   */s/ Monique A. Miles*
                                                                   Monique A. Miles, Esq.
                                                                   Old Towne Associates, P.C.
                                                                   201 N. Union Street, Ste. 110
                                                                   Alexandria, VA 22314
                                                                   Phone: 703-519-6810
                                                                   mmiles@oldtowneassociates.com

                                                                   Steven H. Aden, Esq.
                                                                   VSB #: 48036
                                                                   Americans United for Life
                                                                   1150 Connecticut Ave., N.W. Ste. 500
                                                                   Washington, DC 20036
                                                                   Ph: 202.741.4917
                                                                   Steven.Aden@aul.org

                                                                   *Counsel for Zenaida Perez*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, the foregoing was served by ECF delivery addressed to counsel for Defendants, as follows:

>Edward Lee Isler
>VSB #:27985
>Micah E. Ticatch
>VSB #: 83351
>IslerDare, PC
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>Tel: (703) 748-2690
>eisler@islerdare.com
>mticatch@islerdare.com
>
>M. Sean Royall, *pro hac vice forthcoming*
>Lucas M. Fields, *pro hac vice forthcoming*
>Zoe M. Beiner, *pro hac vice forthcoming*
>KING & SPALDING LLP
>1700 Pennsylvania Avenue, NW
>Suite 900
>Washington, D.C. 20006
>(202) 626-2994
>sroyall@kslaw.com
>lfields@kslaw.com
>zbeiner@kslaw.com
>
>*Counsel for Defendants*

>/s/ Monique A. Miles
>Monique A. Miles

8