UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| ZENAIDA PEREZ, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 1:25-cv-2126-AJT-IDD |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.* | ) ) ) |
| *Defendants.* | ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION TO STAY DISCOVERY**

Defendants Fairfax County School Board, Montell Brown, Chad Lehman, Erik Healey, and Michelle Reid (collectively, "Defendants"), by Counsel, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7(F), state as follows in support of their Unopposed Motion to Stay Discovery ("Stay Motion"). Plaintiff, by counsel, does not oppose this Stay Motion.

Defendants respectfully request a temporary stay of discovery until the Court has an opportunity to rule upon Defendants' forthcoming Motion to Dismiss Plaintiff's Second Amended Complaint ("MTD"). The Court's ruling on Defendants' MTD may obviate the need for unnecessary discovery, particularly in light of the well-established principle (discussed further below) that defendants who may be entitled to qualified or sovereign immunity should not be compelled to engage in discovery prior to resolution of the immunity issue, lest the purpose of the immunity be eviscerated. Further, if the MTD is not granted in its entirety, the Court's ruling may narrow the parameters of the surviving case and any related fact discovery. Either way, the parties will benefit from receiving the Court's ruling before proceeding with discovery, which could also avoid unnecessary disputes and needless expenditure of judicial resources. And, as explained

1

further below, a temporary stay of discovery in this case will not materially prejudice Plaintiff or interfere with the efficient resolution of whatever portion of the case, if any, survives the forthcoming MTD.

## ARGUMENT

"[I]t is well established that courts may stay discovery pending a motion to dismiss." *Harrell v. Freedom Mortg. Corp.*, 2019 WL 9047223, at *2 (E.D. Va. 2019) (Trenga, J.)[1] (citing *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (finding that "district court did not abuse its discretion by staying discovery" pending the resolution of a 12(b)(6) motion) and *Treadwell v. Murray*, 878 F. Supp. 49, 50 (E.D. Va. 1995) (staying discovery pending resolution of defendants' motion to dismiss)). *See also Colonial River Wealth Advisors LLC v. Cambridge Inv. Research, Inc.*, 2023 WL 4936708 (E.D. Va. 2023) (granting motion for protective order and staying discovery pending resolution of Rule 12(b)(6) motions to dismiss that "would dispose of all the claims" against one of the defendants); *CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784, 789-90 (E.D. Va. 1997) (denying plaintiff's motion to compel discovery and granting defendant's motion for protective order pending resolution of motion to dismiss); *C.D. v. Descano*, 2023 WL 11884710 (E.D. Va. 2023) (Trenga) (issuing order staying all discovery "pending the court's ruling on the outstanding Motion to Dismiss"). While the filing of a motion to dismiss does not automatically stay discovery, "it is not uncommon" for courts in this Circuit "to stay discovery pending resolution of dispositive motions." *Baltimore Gas & Elec. Co. v. Rand Constr. Co.*, 2024 WL 4349641, at *3 (D. Md. 2024); *see also Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under [Rule

---

[1] The cited decision addressed this Court's denial of a motion for reconsideration of an earlier ruling granting a motion to dismiss. *See Harrell*, 2018 WL 4178317. That decision was reversed by the Fourth Circuit Court of Appeals on other grounds, 976 F.3d 434 (4th Cir. 2020).

26(c)] to stay discovery pending disposition of the 12(b)(1) motion.");

Here, a stay is warranted for at least three reasons.

First, as previously explained, (Dkt. 21 at 11-15, 25-28), and as will be reasserted in Defendants' forthcoming Motion to Dismiss, Plaintiff's claims are barred by sovereign, official, or qualified immunity. The U.S. Supreme Court and the Fourth Circuit repeatedly have observed the importance of not permitting discovery prior to the resolution of a dispositive motion in this context because doing so is wholly inconsistent with the purpose of these immunity doctrines. As the Supreme Court has expressly held, "unless plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal <u>before the commencement of discovery</u>." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added); *Adams v. Ferguson*, 884 F.3d 219 (4th Cir. 2018) (same). Indeed, the Fourth Circuit expressly noted in another case brought against government officials: "[t]he district court was <u>required</u> to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues <u>prior to allowing any discovery</u>." *Lescs v. Martinsburg Police Dept.*, 138 F. App'x 562, 564 (4th Cir. 2005) (emphasis added) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982)). *See also Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (qualified immunity provides both the "right" to avoid "standing trial" and to "avoid the burdens of . . . pretrial matters," including "discovery").

Second, a stay will avoid unnecessary and potentially wasteful discovery. As courts in this Circuit have observed, stays of discovery provide "eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources." *Cognate BioServices, Inc. v. Smith*, 2015 WL 5673067, at *2 (D. Md. 2015); *Orr v. Nat'l Rifle Ass'n of Am.*, 2017 WL 11501503, at *3 (E.D. Va. 2017) (granting stay that would "likely preserve judicial

3

resources that th[e] Court would spend resolving . . . discovery matters"). This is particularly true here as discovery in this case has the potential to be both extensive and expensive. Plaintiff's allegations span several years and include a litany of allegations that implicate sensitive information about a dozen or more public school officials, teachers, and students.

Finally, staying discovery pending the resolution of Defendants' forthcoming MTD will not prejudice Plaintiff in any way. Plaintiff will not need discovery to respond to the MTD, which, like the earlier dispositive motion, will be based only on Plaintiff's operative complaint and on the documents attached to and referenced therein. Nor will granting this Stay Motion delay the effective adjudication of this case. Specifically, based on the January 20, 2026 operative filing date of the Second Amended Complaint, the parties' briefing and hearing schedule on the forthcoming MTD is anticipated to be as follows:

| | |
|---|---|
| Defendants' MTD Second Amended Complaint | Tuesday, February 3, 2026 |
| Plaintiff's Opposition | Tuesday, February 17, 2026 |
| Defendants' Reply | Monday, February 23, 2026 |
| Hearing on MTD | Wednesday, March 4, 2026 |

Consequently, assuming that the above schedule is not modified by the Court, issues raised in the MTD will be resolved within a few weeks.

Finally, Plaintiff seeks money damages and has not sought injunctive relief; accordingly, any minimal delay of the resolution of this case stemming from a temporary stay will not impair Plaintiff's ability to seek her requested relief.

## **WAIVER OF HEARING**

All parties consent to waive hearing on this Stay Motion.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Court grant this unopposed Stay Motion and stay discovery pending resolution of the forthcoming MTD.

<table>
<tr><td>Dated: January 27, 2026</td><td>Respectfully submitted,<br><br>/s/ Edward Lee Isler<br>Edward Lee Isler, Va. Bar 27985<br>Micah E. Ticatch, Va. Bar 83351<br>ISLER DARE, P.C.<br>1945 Old Gallows Road, Suite 650<br>Vienna, Virginia 22182<br>Tel: (703) 748-2690<br>Fax: (703) 748-2695<br>Email: eisler@islerdare.com<br>Email: mticatch@islerdare.com<br><br>M. Sean Royall, *pro hac vice*<br>Lucas M. Fields, *pro hac vice*<br>Zoe M. Beiner, *pro hac vice*<br>KING & SPALDING LLP<br>1700 Pennsylvania Ave., NW<br>Suite 900<br>Washington, D.C. 20006<br>Tel: (202) 626-2627<br>Fax: (202) 626-3737<br>Email: sroyall@kslaw.com<br>Email: lfields@kslaw.com<br>Email: zbeiner@kslaw.com<br><br>*Counsel for Defendants*</td></tr>
</table>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends notification to the following:

>Monique A. Miles
>Virginia Bar No. 78828
>**OLD TOWNE ASSOCIATES, P.C.**
>201 N. Union Street
>Suite 110
>Alexandria, Virginia 22314
>Tel: (703) 519-6810
>Email: mmiles@oldtowneassociates.com
>
>Steven H. Aden, *pro hac vice*
>Virginia Bar No. 48036
>**AMERICANS UNITED FOR LIFE**
>1150 Connecticut Ave., NW
>Suite 500
>Washington, D.C. 20036
>Email: Steven.Aden@aul.org
>*Counsel for Plaintiff*

>>*/s/ Edward Lee Isler*
>>Edward Lee Isler
>>Virginia Bar No. 27985
>>**ISLER DARE, P.C.**
>>1945 Old Gallows Road
>>Suite 650
>>Vienna, Virginia 22182
>>Tel: (703) 748-2690
>>Fax: (703) 748-2695
>>Email: eisler@islerdare.com
>>*Counsel for Defendants*